## P. H. & F. M. ROOTS COMPANY v. GEORGE W. DECKER and Others.[1]

July 15, 1910.

Nos. 16,727—(235).

**Certiorari — review of order staying proceedings.**

An order staying proceedings in an equitable action until other defendants are brought in by personal service in this state may be reviewed by certiorari.

**All parties necessary to a suit in equity.**

A court will refuse to proceed in an equitable action until it has before it all parties necessary for the full protection of each.

[1]Reported in 127 N. W. 417.

**Ownership of patent right.**

  The owner of a patent has a personal privilege, which privilege, while assignable and protected as a property right, has no situs separate from the individual holding it.

**Transfer of patent right — jurisdiction of court.**

  In the absence of service of summons personally in this state upon the owner of letters patent, or the voluntary appearance of such owner, the court has no power to determine the validity of a prior transfer of the patent.

**Creditor's suit — right to future royalties.**

  A contract between a resident of this state and a nonresident owner of a patent, under which royalties will be payable in the future, is not property which the court may take control and disposal of in a creditor's action against the owner of the patent, when no personal service upon such owner has been made in this state.

Action in the district court for St. Louis county against George W. Decker, Jennie Pond Decker and Clyde Iron Works by an alleged creditor of defendant Decker to subject to the payment of its claim the debtor's interest in certain patents and in a contract under which defendant Clyde Iron Works paid royalties and stipends for the privilege of manufacturing and selling the patented contrivance. The demurrer of the Clyde Iron Works to the complaint, for the reason the complaint did not state a cause of action as to it, was overruled. From an order, Cant, J., granting the motion of defendant Clyde Iron Works for an order staying all proceedings in the action until personal service was had upon defendants other than defendant Clyde Iron Works, or until their voluntary appearance, and extending the time within which defendant Clyde Iron Works should be required to answer until a date to be thereafter fixed by order of court, after personal service upon the remaining defendants or their voluntary appearance, plaintiff appealed. Affirmed.

  *A. N. McGindley,* for appellant.

  *Washburn, Bailey & Mitchell,* for respondents.

O'BRIEN, J.

  The plaintiff, an Indiana corporation, brought this action, in the nature of a creditors' bill, against the defendants, alleging the defendant George W. Decker to be indebted to it, and the fraudulent

conveyance by him to his wife, defendant Jennie Pond Decker, of certain patent rights; further, that defendant Clyde Iron Works, a Minnesota corporation, under a contract with Mrs. Decker, has possession of the letters patent, is engaged in manufacturing the patented articles, and had paid and would further pay large royalties therefor; that the contract was carried in the name of Mrs. Decker for the purpose of covering up and preventing the royalties so accruing from being subject to the claims of the creditors of George W. Decker, an insolvent. Both Deckers are residents of Missouri; no personal service has been made upon either of them in this state, nor have they appeared in the action. The relief demanded is the appointment of a receiver to collect the royalties, so that they may be applicable to the payment of George W. Decker's indebtedness, and that the conveyance by him to his wife of the letters patent be set aside and found fraudulent as to creditors.

The Clyde Iron Works appeared after service upon it and demurred, claiming the complaint failed to state a cause of action as to it. The demurrer was overruled. Subsequently the same defendant moved to be allowed to interpose another demurrer, alleging defect of parties defendant and lack of jurisdiction of subject of action, and at the same time asked for a stay of all proceedings until either personal service had been made upon the Deckers or they had voluntarily appeared in the action. A stay to that effect was granted.

The case is here upon a writ of certiorari, which brings up for review the order staying proceedings until by personal service in this state or voluntary appearance the Deckers are personally brought within the jurisdiction of the district court.

1. At the hearing in this court a preliminary motion to quash was submitted by respondents, who insisted the action of the district court amounted at most to a refusal to proceed to judgment, and the remedy, if any, was by mandamus. The motion is denied.

Certiorari is in effect a writ of error. The order of the trial court was an affirmative ruling that it would not require the defendant Iron Works to answer until certain prerequisite steps were taken, and, while the result was a refusal to proceed, it also amount-

ed to holding the Deckers to be necessary parties defendant, over whom it was necessary the court have jurisdiction in personam before it could do justice to all parties. We hold an order of this character, from which no appeal is allowed, may be reviewed by certiorari.

2. In addition to other relief, the plaintiff seeks to have set aside as fraudulent a conveyance of letters patent to Jennie Pond Decker, and the appointment of a receiver of royalties to accrue in the future under a contract between the Iron Works and Mrs. Decker. The action is for equitable relief, and therefore the court will insist upon the parties before it being sufficient to enable. it to render a judgment just, upon equitable principles, as to each one interested in the event. Fletcher, Eq. Pl. & Pr. § 18; Story, Eq. Pl. § 72; Gregory v. Stetson, 133 U. S. 579, 10. Sup. Ct. 422, 33 L. Ed. 792; Caldwell v. Taggart, 4. Pet. 190, 7 L. Ed. 828; Robinson v. Howe, 35 Fla. 73, 17 South. 368; Knight v. Knight, 3 P. Wms. 330; Jessup v. Illinois Cent. Ry. Co. (C. C.) 36 Fed. 735; Minnesota v. Northern Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499.

3. A judgment which did not personally bind the Deckers would not establish the respective rights of all the defendants as between them, or finally determine the rightful owner of the royalties. The validity of the transfer of the letters patent from Decker to his wife is therefore the first essential question to be determined in the action.

The government grants to an inventor the exclusive privilege of manufacturing and selling a certain named article. It is an incorporeal right, franchise, or privilege attaching to the person, protected by law as a property right, but having no situs separate from the individual who possessed it. This right may be transferred, in which case the assignee occupies the position of the patentee; but the character of the privilege remains the same. It follows that, before a court can deprive an individual of this privilege, it must have complete jurisdiction of him personally. No statute could eliminate this requisite; for to permit a court, in the absence of jurisdiction of the defendant personally, to determine his personal privi-

leges, would not constitute due process, but would deprive one of property without notice or hearing. Stevens v. Gladding, 17 How. 447, 15 L. Ed. 155; Ager v. Murray, 105 U. S. 126, 26 L. Ed. 942; Nonmagnetic Watch Co. v. Association Horlogere Suisse of Geneve (C. C.) 44 Fed. 6; Carver v. Peck, 131 Mass. 291; Wilson v. Martin-Wilson, 149 Mass. 24, 20 N. E. 318; 151 Mass. 515, 24 N. E. 784, 8 L. R. A. 309; Hildreth v. Thibodeau, 186 Mass. 83, 71 N. E. 111, 104 Am. St. 560; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Insurance Co. v. Bangs, 103 U. S. 435, 26 L. Ed. 580.

When, however, the subject of the action is real or personal property actually and physically within the state, jurisdiction to determine a nonresident's right thereto may be acquired by substituted service if a statute so provides. Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 33 L. Ed. 918; Connor v. Tennessee Cent. Ry. Co., 109 Fed. 931, 48 C. C. A. 730, 54 L. R. A. 687; Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121, 31 Am. St. 660; Lane v. Innes, 43 Minn. 137, 45 N. W. 4.

4. An action to determine the ownership of letters patent is strictly in personam, jurisdiction to determine which must be obtained by personal service of process upon the defendant within the territorial limits of the court's jurisdiction. A judgment against the iron works, directing it to turn over to a receiver the royalties due under its contract with Mrs. Decker, would not protect it against a subsequent claim for the royalties by Mrs. Decker, when her rights had not been finally adjudicated in the action resulting in the judgment. A court cannot be called upon to place in such a position a defendant who is accused of no wrong, and whose position is practically that of a stakeholder. Bryan v. University, 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 638; Minnesota v. Northern Securities Co., supra.

5. Plaintiff claims that by personal service of the summons in Missouri upon the Deckers, and publication here, the court has obtained jurisdiction to administer and determine the ownership of their property located in this state and the subject of the action.

While such is the general rule, there are exceptions, as already said; but aside from the letters patent, the character of which we have described, the complaint fails to disclose any property in this state belonging to either of the Deckers which the court may take into its custody and distribute.

The complaint does not allege any present indebtedness from the Iron Works, or the possession by it of any fund or property belonging to the Deckers, unless the allegations "that the said patents and the appropriate transfers thereunder of said royalties accrued and accruing are in the possession and control of defendant Clyde Iron Works" be intended to so state. If so, it is insufficient for the purpose claimed. The place where the letters patent are deposited is wholly immaterial, and there is no proper allegation of any indebtedness or fund already accumulated. Plaintiff is not seeking to have the court apply upon his claim an existing fund now in possession of the iron works. If he were, he would have a remedy at law by garnishment or attachment; but he is seeking to have determined and adjudicated the future rights of the parties under the patents and contracts. Authority to do this can be claimed only when the court has acquired jurisdiction of the defendants personally. That jurisdiction is not secured by substituted service of the summons.

The procedure followed by the trial court was that indicated as proper in Northwestern C. & C. P. Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868. See also Jessup v. Illinois Cent. Ry. Co., supra.

Order affirmed.