# G. W. BILSBORROW and Others v. F. L. PIERCE and Others.[1]

November 4, 1910.

Nos. 16,749—(26).

**Appeal from modified judgment — res judicata.**

Action to restrain the defendants from constructing a public ditch, whereby waters would be diverted from their natural courses and be cast upon the lands of the plaintiffs. Findings of fact and conclusions of law were made, and judgment entered in accordance therewith so restraining the defendants. Thereafter the trial court, on motion of the defendants, ordered that the conclusions of law be modified, and that judgment be entered modifying the original judgment so as to conform to the modified conclusions of law. It was so entered, from which the plaintiffs appealed. *Held:*

1. The modified judgment was appealable, and on such appeal the intermediate order changing the conclusions of law and directing a further judgment modifying the original one may be reviewed. The order in such cases does not become res judicata. Halvorsen v. Orinoco Mining Co., 89 Minn. 470, distinguished.

2. The trial court's findings of fact sustain its original conclusions of law and judgment, and it erred in directing the entry of the modified judgment.

Action in the district court for Wilkin county to restrain the construction of a certain ditch. After the former appeal, reported in 101 Minn. 271, 112 N. W. 274, the case was tried before Flaherty, J., who made findings of fact and conclusions of law and ordered judgment restraining the defendants. Subsequently, on motion, the conclusions of law were modified and judgment entered thereon modifying the former judgment. From the modified judgment, plaintiffs appealed. Reversed and remanded with direction to reinstate the original judgment.

*Nye & Dosland* and *Henry G. Wyvell,* for appellants.

*Edward Balentine* and *Lewis E. Jones,* for respondents.

[1]Reported in 128 N. W. 16, 299.

START, C. J.

This action was commenced in the district court of the county of Wilkin to restrain the defendants, county commissioners and auditor, from constructing a public ditch over the lands of the plaintiffs. This is the second appeal in the case, and is from the modified judgment of the court. The first appeal was by the defendants, and from an order granting a temporary injunction against the construction of the ditch pending the action. The order was affirmed by this court. See 101 Minn. 271, 112 N. W. 274, to which reference is here made for a statement of the allegations of the complaint.

One of the principal questions involved in the first appeal was whether the complaint alleged facts which, if proven, would entitle the plaintiffs to the relief demanded. It was held that the complaint sufficiently alleged irreparable damages. The case was remanded, and tried by the court without a jury. The court found in detail substantially the facts alleged in the complaint, and, with others, the following: There exists over and across the lands of the plaintiffs a coulée, averaging in depth from seven to ten feet, with sloping sides, which throughout its course over the lands of the plaintiffs constitutes meadow and pasture lands, which can be utilized as such except in times of extraordinary floods. This coulée is to be the outlet of the proposed ditch, but in order to connect the ditch with the coulée it will be necessary to cut through a natural ridge or watershed to the depth of at least nine feet. None of the waters which will be carried away by the ditch would flow naturally into the coulée or onto the plaintiffs' lands. If the proposed ditch is constructed and maintained, large quantities of water from time to time would be carried thereby upon and over the lands of the plaintiffs, which will greatly impair their use for farming purposes, whereby the plaintiffs will suffer great damages, for which they have no adequate remedy at law. By reason of a variance in the description of the ditch in the petition and in the final notice of hearing on the petition given by the auditor, no legal notice of such hearing was ever given.

It is true, as claimed by respondents' counsel, that there was no finding that plaintiffs' lands were not included in the petition, or

112 M.—22.

that they were not parties to the ditch proceedings; but there was no question raised as to these matters. See 101 Minn. 271, 112 N. W. 274.

The court's conclusions of law were to the effect that by reason of the variance between the petition and notice, and because of the matters and things stated in the findings, all proceedings to establish the ditch taken subsequent to the filing of the petition were wholly void, and that the plaintiffs are entitled to judgment forever restraining the defendants from constructing the ditch described in the petition. Judgment was directed accordingly. It was so entered.

Thereafter, and on March 1, 1909, the trial court, upon the motion of the defendants, made its order modifying its conclusions of law to the effect that the defendants be forever enjoined from taking any further steps toward constructing the ditch described in the notice upon the final notice by the auditor. The order of the court expressly directed judgment to be entered, modifying the original judgment so as to conform to the modified conclusions of law. Plaintiffs attempted to appeal from this order, but the appeal was dismissed for want of prosecution. Judgment as directed was entered on December 28, 1909, from which the plaintiffs appealed on April 28, 1910.

1. It is the contention of the respondents that, the order modifying the conclusions of law not having been reviewed and reversed on the appeal from the order, it becomes res adjudicata, and cannot be reviewed on appeal from the judgment entered pursuant to the order. The mere dismissal of an appeal from an order does not bar the appellant from raising on a subsequent appeal from the judgment the same questions involved in the order. Adamson v. Sundby, 51 Minn. 460, 53 N. W. 761. It is not entirely clear that the order in question was appealable, for it seems to have been an order for judgment modifying the original judgment. However this may be, it is not here material; for the order not only contemplated, but expressly directed, that judgment be entered modifying the original judgment, and it was so entered.

The appeal from the modified judgment was proper, for an appeal

lies from a judgment modifying a former judgment in the same case, although the time for appealing from the original judgment has expired. Malmgren v. Phinney, 65 Minn. 25, 67 N. W. 649. On such appeal any intermediate order affecting the merits or the judgment may be reviewed. The order in such cases does not become res adjudicata. Dunnell, Pr. §§ 1870, 1871. Thus, on the appeal from a judgment, an order denying a new trial may be reviewed by the court although the time for appealing from the order has expired. Mower v. Hanford, 6 Minn. 372 (535); Adamson v. Sundby, supra.

Counsel for respondents seem to rely confidently on the case of Halvorsen v. Orinoco Mining Co., 89 Minn. 470, 95 N. W. 320, in support of their contention that the order for a modification of the judgment is res adjudicata. The case cited, by reason of its special facts, is not here in point.

In that case judgment was entered by default against the defendant on June 13, 1902. On September 5 next thereafter the defendant moved the court to modify the judgment, or, if that was denied, then that the defendant be permitted to answer. The motion was denied, and on November 17, 1902, the defendant appealed from the judgment (there was but one), and in this court sought to have the judgment modified in the same particulars and for the same reason urged on its motion so to modify. We held that the order was res adjudicata, because, the motion having been denied, leaving the judgment intact, no subsequent judgment could be entered from which an appeal could be taken and the order reviewed; hence the only way to review the order was by appealing from it. There was only the default judgment in the case cited, and upon an appeal from that judgment manifestly an order made subsequent to the judgment could not be reviewed. The facts in the case at bar are exactly the reverse of those in the case cited, for the reason that the order in this case was made subsequent to the original judgment and before the judgment modifying it.

2. This brings us to the merits of the appeal. The final judgment so modified the original one that it permitted the defendants to proceed and construct the ditch by the giving of another and

proper notice. This in effect eliminated from the conclusions of law and the original judgment so much thereof as absolutely restrained the defendants from constructing the ditch under the petition and thereby turning the water upon the land of the plaintiffs. The sole question, then, is whether the facts found by the trial court justified the original conclusions of law and judgment.

The mere fact that the construction of the ditch would necessitate the cutting through a ridge to the depth of nine feet, and thereby the water would be diverted from its natural course to the great damage of the plaintiffs, for which they would have no adequate remedy at law, would not necessarily be a reason for enjoining its construction by the defendants; but they must secure the right so to do by the exercise of the power of eminent domain and the payment of damages. Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733; State v. Board of Commrs. of Isanti Co., 98 Minn. 89, 107 N. W. 730; State v. Baxter, 104 Minn. 364, 116 N. W. 646. The facts found by the trial court were held on the former appeal to be sufficient to justify the conclusion that the plaintiffs' property would be directly taken or injured by the construction of the proposed ditch without just compensation first paid or secured. It is clear from the mere reading of the court's findings of fact that they sustain all of its conclusions of law and the original judgment. Bilsborrow v. Pierce, 101 Minn. 271, 112 N. W. 274; Jurries v. Virgens, 104 Minn. 71, 116 N. W. 109.

It follows that the trial court erred in ordering its conclusions of law to be changed, and that judgment be entered modifying the original judgment. The judgment appealed from must be reversed, and cause remanded, with direction to the trial court, to reinstate the original judgment. So ordered.

On November 18, 1910, the following opinion was filed:

PER CURIAM:

The respondents, in their petition for a reargument, which is hereby denied, ask, in case it be denied, that the order remanding the cause be amended, so that the original judgment will not be a per-

petual bar to a further proceeding, to which the appellants are or may be made parties, to acquire the right to construct the ditch in question. It is not clear that the original judgment can be so construed. However, if there be any fair doubt about it, the trial court ought to be left free to hear a motion and determine it on the merits, so to correct the judgment that it will not be such a bar. It is therefore ordered that the order remanding the cause be and it is hereby amended, so as to read as follows: Ordered, that the judgment appealed from be reversed, and cause remanded, with direction to the trial court to reinstate the original judgment, but without prejudice to the right of the respondents, if so advised, to apply on notice to the trial court for a modification of the original judgment, so that it will not be a bar to any proceedings, instituted subsequent to he entry of the original judgment, to acquire the right, as against the appellants, to construct the ditch in question.