# G. W. BILSBORROW and Others v. FRANK L. PIERCE and Others.[1]

April 13, 1911.

Nos. 17,075—(187).

**Modification of judgment.**

The plaintiffs' motion for a modification of the judgment herein was rightly denied.

After the decision upon the second appeal (112 Minn. 336, 128 N. W. 16, 299,) the proceedings mentioned in the opinion were taken in the trial court. From an order, Flaherty, J., denying plaintiffs' motion for the modification of the judgment as given in the fourth paragraph of the opinion, plaintiffs appealed. Affirmed.

*Christian G. Dosland* and *Henry G. Wyvell,* for appellants.
*Edward Balenline* and *Lewis E. Jones,* for respondents.

START, C. J.

This is the third appeal in this case. See 101 Minn. 271, 112 N. W. 274, and 112 Minn. 336, 128 N. W. 16, 299, to which reference is made for a statement of the nature of the action and its facts.

The result of the second appeal was that the original judgment, restraining the construction of the ditch, should be reinstated, and that the case be remanded, with direction to the trial court so to do. Before the case was sent down, this court, on the application of the defendants, amended the order remanding the cause, so as to read as follows: "Ordered, that the judgment appealed from be reversed, and cause remanded, with direction to the trial court to reinstate the original judgment, but without prejudice to the right of the respondents, if so advised, to apply on notice to the trial court for a modification of the original judgment, so that it will not be a bar to any proceedings, instituted subsequent to the entry of the

[1]Reported in 130 N. W. 852.

original judgment, to acquire the right, as against the appellants, to construct the ditch in question."

The defendants, after the remittitur was filed in the district court, and pursuant to the amended order remanding the case, made a motion, upon due notice to the plaintiffs, for a modification of the judgment as indicated in the order. The district court, after hearing the respective parties, and on December 12, 1910, modified the judgment by adding thereto, after the enjoining part thereof, the following:

"Provided, that this judgment of injunction shall not be a bar to any proceedings, instituted subsequent to the entry of said original judgment, to acquire the right as against the plaintiffs to construct the ditch in question, which defendants or their successors in office may have taken and may desire to take in that behalf."

Thereafter, and on January 30, 1911, the plaintiffs brought on for hearing a motion for a modification of the judgment by adding thereto the following: "It is hereby ordered, adjudged, and decreed that all proceedings to establish said ditch had and taken subsequent to the filing of said petition were and are absolutely void, and the threat and attempt of said defendants to establish and construct said ditch as proposed were and are without any authority in law, and the same were and are without jurisdiction and wholly void. And provided, further, that such proceedings must be based upon a new petition or other new proceedings."

The trial court made its order on January 31, 1911, denying the plaintiffs' motion. They appealed from this last order.

The trial court did not err in denying the plaintiffs' motion. The modification of the judgment, made on defendants' motion, was in all substantial particulars in accordance with the order remanding the case, and was properly made by the trial court as a cautionary provision to prevent any misunderstanding as to the effect of the judgment upon proceedings, which had been or might be taken subsequent to its entry, to acquire the right to construct the ditch as against the plaintiffs. The modification does not purport to determine in any particular the character, substance, form, or validity of such proceedings; for these are matters which can only

be determined in such subsequent proceedings. But the modification sought by the plaintiffs was an adjudication that any proceedings had and taken, in any form or at any time subsequent to the filing of the petition for the ditch, were absolutely void, and, further, that such proceedings must be based upon a new petition. Clearly this was an attempt to secure an adjudication of the form and validity of such new proceedings, and the plaintiffs' motion was rightly denied.

Order affirmed.