P. J. DALBERG and Others v. A. G. LUNDGREN and Others.[1]

June 14, 1912.

Nos. 17,619—(188).

**Construction of ditch — application for temporary injunction.**
Certain landowners appeared in judicial ditch proceedings by filing a

---

[1] Reported in 136 N. W. 742.

remonstrance against the proposed drain, and were afforded an opportunity to be heard upon the merits of all matters there in dispute. Subsequent to the final determination of the proceedings and the making of an order establishing the proposed drain, such landowners brought this action to enjoin the construction of the ditch upon the ground that their lands, not involved in the drainage proceedings, would be irreparably damaged thereby, and applied to the court for a temporary injunction restraining the construction of the ditch, pending the action. It is *held* that the trial court did not abuse its discretion in denying the writ.

**Case limited.**

Bilsborrow v. Pierce, 101 Minn. 271, 112 N. W. 274, holding that landowners who appear in drainage proceedings by remonstrance are not parties to the proceeding, distinguished and limited.

In an action in the district court for Polk county to enjoin the construction of a certain judicial ditch plaintiffs moved for a temporary restraining order enjoining defendant county auditors from entering into any contract for the construction of the ditch pending the final determination of the case. From an order, Watts and Grindeland, JJ., denying the application for a temporary injunction, plaintiffs appealed. Affirmed.

*W. E. Rowe* and *E. O. Hagen,* for appellants.

*Julius J. Olson, A. N. Eckstrom* and *Charles Loring,* for respondents.

BROWN, J.

Action to enjoin the construction of a drainage ditch in Polk and adjoining counties on the ground that the construction thereof would work irreparable injury to the lands of plaintiffs. The court denied plaintiffs' motion for a temporary injunction, and the cause came to this court upon an appeal from that order.

The ditch involved is judicial ditch No. 25 of the counties mentioned, and the proceedings therein were before us for review in State v. Watts, 116 Minn. 326, 133 N. W. 971, where the order establishing the ditch was affirmed. The facts are there stated. Subsequent to that decision this action was brought by plaintiff, in behalf of himself and all others similarly situated, to restrain the construction of the ditch on the alleged ground of irreparable injury *to*

their lands. Our examination of the record leads to the conclusion that the court did not abuse its discretion in denying the temporary injunction.

The ditch is some forty miles in length, and when constructed will drain a large area of agricultural land. The outlet of the main ditch intersects and empties into judicial ditch No. 1, which leads to an outlet in the Red river. The claim of plaintiff is that judicial ditch No. 1 is of insufficient capacity to take care of the water coming to it by the natural drain, and also the additional water that will be discharged therein from the new ditch, and that if the new drain be connected therewith the banks of ditch No. 1 will be overflowed, and the water spread over and upon plaintiffs' lands, and damage and injure the same. Plaintiffs' lands, though within the district proposed to be drained, are not involved in the present drainage project; that is, they are not named in the proceedings as being either benefited or to be assessed for damages, nor are plaintiffs named in the proceedings as interested parties. Yet plaintiffs had notice of the proceedings and practically all of them signed a remonstrance against the construction of the ditch, and some appeared personally before the court in opposition to the same.

In that proceeding the court found as a fact that the only effect of connecting the two ditches in the manner stated would be to accelerate the flow of water from the territory drained. So that the precise contention now made was before the court in that proceeding and was passed upon adversely to the claim of those who remonstrated against the ditch. The showing made in support of the temporary injunction does not so clearly establish the claim of injury to plaintiffs' land as to justify the conclusion that the trial court was wrong in making the original decision in the drainage proceeding, or that it abused its discretion in refusing the temporary relief. The question whether a temporary injunction should be granted in any particular case rests in the sound discretion of the trial court, to be interfered with only when abused. 2 Dunnell, Minn. Dig. § 4490.

The trial court was evidently of the opinion, as disclosed by the memorandum attached to the order denying the motion for the writ, that plaintiff and those in whose behalf the action was brought were,

in point of substance, parties to the drainage proceedings, and therefore bound by the final judgment therein. There is force in this position. State v. Board of Commrs. of Isanti County, 98 Minn. 89, 107 N. W. 730. Plaintiff, and practically all in whose behalf he brought the action, appeared in those proceedings by presenting and filing a remonstrance against the ditch, and at least three of them appeared personally before the court at the time of the hearing. Whether they were strictly parties, and bound by the judgment in that proceeding we are not required to determine. The fact that they all had notice of the proceeding, and appeared therein by written remonstrance, and were there afforded an opportunity to be heard, might well have influenced the court in denying the second opportunity to seek the identical relief they applied for in the other proceeding.

The case of Bilsborrow v. Pierce, 101 Minn. 271, 112 N. W. 274, is not a controlling authority in plaintiffs' favor. While a temporary injunction was granted in that case, the facts differ in some essential respects, and those there presented we held sufficient to sustain the discretionary order of the trial court. Had the court denied the relief in that case, it is clear that it could not have been declared an abuse of discretion. Upon the question whether landowners, by voluntarily appearing in drainage proceedings by way of remonstrance against the proposed improvement, thereby become parties to the proceedings and bound by the result thereof, it may be doubted whether the Bilsborrow case was correctly decided. State v. Board of Commrs. of Isanti County, supra. In any event, the rule in that case should not be extended.

Order affirmed.