## E. W. WEBB v. JOHN LUCAS and Others. [1]

### May 15, 1914.

### Nos. 18,552—(90).

**Eminent domain — ditch.**

1. Private property cannot be taken for ditch purposes, unless the ditch will serve some public purpose.

[1] Reported in 147 N. W. 273.

----

Note.—On the question of drainage of private lands as public purpose authorizing exercise of power of eminent domain, see notes in 49 L.R.A. 781; 1 L.R.A. (N.S.) 208; and 22 L.R.A.(N.S.) 163.

Upon the necessity of taking particular land by eminent domain, as a judicial

**Whether purpose of taking is public a judicial question.**
> 2. Whether the purpose for which private property is to be taken be a public purpose is a judicial question which the owner has the right, at some time and in some manner, to present to and have determined by the courts before his property is actually appropriated.

**Injunction — certiorari.**
> 3. Where a landowner is a party to the proceedings by which a town ditch is established, and can bring all matters in controversy before the court by writ of *certiorari*, he cannot maintain an action to enjoin the construction of such ditch.

Action in the district court for Sibley county to restrain the members of the town board of Bismarck and its clerk, and defendant Lawrenz, from establishing or constructing a certain ditch across the premises of plaintiff. The defendants in their answer set out the petition for the ditch and the proceedings taken in the matter of establishing the ditch in question and the order of the board establishing the ditch after a meeting duly held, at which plaintiff without objecting to the jurisdiction of the board took part, and that the time for taking an appeal from such action had elapsed and no appeal had been taken therefrom, and also set out proceedings taken subsequent to said decision of the board. The reply denied that plaintiff appeared generally or took part in any proceedings mentioned in the answer and alleged that he appeared thereat for the sole purpose of objecting to the proceeding. Defendants' motion for judgment on the pleadings was granted, Morrison, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*G. A. & C. H. MacKenzie* and *W. C. & W. F. Odell,* for appellant.
*Young & Quandt,* for respondents.

TAYLOR, C.

Under and pursuant to chapter 127, p. 120, of the Laws of 1909, being sections 5634 to 5671 inclusive of the General Statutes of

question, see note in 11 L.R.A.(N.S.) 940. And the authorities on the judicial power over the right of eminent domain, generally, are collated in an extensive note in 22 L.R.A.(N.S.) 1.

1913, the board of supervisors of the town of Bismarck in the county of Sibley, upon petition of defendant Lawrenz, established and are about to construct a town ditch across a portion of plaintiff's farm. Plaintiff brought this action against the supervisors, the town clerk and the petitioner Lawrenz to enjoin them from constructing the ditch or letting a contract therefor. The trial court rendered judgment for the defendants upon the pleadings and plaintiff appealed therefrom.

The determination of the propriety or necessity of constructing a ditch, if it be for a public purpose, rests exclusively with the legislature, or with those to whom the legislature has given the power to make such determination, and a decision as to such matters made by the proper authorities cannot be reviewed by the courts. But private property cannot be taken for ditch purposes unless the ditch will serve some public purpose. State v. Board of Supervisors of Town of Rockford, 102 Minn. 442, 114 N. W. 244, 120 Am. St. 640. And whether the purpose for which the ditch is to be constructed is or is not a public purpose, is a judicial question which the owner has the constitutional right, at some time and in some manner, to present to and have determined by the courts before his property is actually appropriated. Stewart v. Great Northern Ry. Co. 65 Minn. 515, 68 N. W. 208, 33 L.R.A. 427; Minnesota Canal & Power Co. v. Koochiching Co. 97 Minn. 429, 107 N. W. 405, 5 L.R.A.(N.S.) 638, 7 Ann. Cas. 1182; State v. Van Reed, 125 Minn. 194, 145 N. W. 967, 88 Am. St. 933, note; 10 Am. & Eng. Enc. (2d ed.) 1069. The question need not be submitted to the courts in the first instance, and, if an opportunity is afforded the owner, by appeal or otherwise, to bring the question before the courts in the proceeding itself, he must pursue the remedy so given him.

Plaintiff asserts that the construction of the ditch in controversy will be a taking of his property solely for the benefit of defendant Lawrenz, and not for any public purpose whatsoever. As against a motion for judgment on the pleadings, his contention must be taken as true, and, if he is entitled to maintain an action for an injunction, such motion should not have been granted. But if he had another

adequate remedy, an action for an injunction will not lie. The question for decision, therefore, is whether he had and should have pursued a different remedy.

The statute requires the petition for the ditch to set forth among other things "that it will be of public benefit or promote the public health." Section 5635, G. S. 1913. The statute also provides for a public hearing before the board of supervisors at which all persons interested may appear, and further provides that, if the board shall find from the evidence adduced before them, that certain specified facts exist and also find "that said work will be of public utility or promote the public health, they shall establish said ditch." Section 5641, G. S. 1913. The petition, among other things, represented that "the public health, convenience and welfare and the reclamation of wet and overflowed lands" required the construction of the ditch and that "the construction of the same would be of public benefit and utility." Plaintiff was a party to the ditch proceedings. He appeared at the hearing before the board and opposed the construction of the ditch upon the same grounds upon which he bases his claim for an injunction. The board, among other things, found that "said ditch will be of public utility and will promote the public health," and duly established the ditch and directed that it be constructed.

No appeal lies from the action of the board in establishing the ditch, but all the questions which plaintiff raises could have been brought before the court by *certiorari*. Minnesota Central Ry. Co. McNamara, 13 Minn. 468 (508); City of St. Paul v. Marvin, 16 Minn. 91 (102); De Rochebrune v. Southeimer, 12 Minn. 42 (78); State v. Common Council of City of Duluth, 53 Minn. 238, 55 N. W. 118, 39 Am. St. 595; State v. Buckham, 108 Minn. 8, 121 N. W. 217; State v. Probate Court of Ramsey County, 83 Minn. 58, 85 N. W. 917; State v. Board of County Commrs. of Isanti County, 98 Minn. 89, 107 N. W. 730; P. H. & F. M. Roots Co. v. Decker, 111 Minn. 458, 127 N. W. 417; State v. Dunn, 86 Minn. 301, 90 N. W. 772.

Under such circumstances the writ of *certiorari* is in the nature of a writ of error, and, as that remedy was available to plaintiff, his

action for an injunction will not lie. Slingerland v. Conn, 113 Minn. 214, 129 N. W. 376; Dahlberg v. Lundgren, 118 Minn. 219, 136 N. W. 742, distinguishing Bilsborrow v. Pierce, 101 Minn. 271, 112 N. W. 274; State v. Johnson, 111 Minn. 255, 126 N. W. 1074; State v. Posz, 106 Minn. 197, 118 N. W. 1014; State v. Lindberg, 120 Minn. 147, 139 N. W. 286.

The judgment appealed from is affirmed.