STATE EX REL. JOHN A. NORDIN v. PROBATE COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

June 4, 1937.

No. 31,027.

---

[1]Reported in 273 N. W. 636.

168

 

*Stiles & Stiles* and *F. J. Donahue,* for appellant.
*Thomas Tallakson,* for respondents.

PETERSON, JUSTICE.

Appeal from an order of the district court, Hennepin county, quashing a writ of *certiorari* issued by that court to the probate court of Hennepin county. Appellant was attorney for the respondent Smith while she was administratrix of the estate of Josephine E. Erman, deceased. In her final account respondent, as administratrix, asked the probate court to allow her a certain sum as attorney's fees for appellant for services rendered by him as her attorney as administratrix. One of the heirs filed objections to the allowance of the account, particularly to the amount of attorney's fees, and to an item of $139 claimed by appellant to have been advanced by him to the administratrix for estate purposes. The dispute over the attorney's fees and claimed advancement was referred to a referee, who found and reported to the probate court that the reasonable value of appellant's services as attorney was $500; that the sum of $139 had been paid to appellant to pay to one Deaver, a creditor of the estate, but that appellant had not given the estate credit for this sum and that therefore the estate was entitled to a credit against the attorney's fees in the amount of $139. The probate court adopted the findings of the referee and on November 25, 1935, made its order allowing the final account. No appeal was taken from that order. On January 13, 1936, appellant petitioned the district court for a writ of *certiorari* to review the order of the probate court, claiming that the order was not appealable and that the probate court had no authority to make the $139 deduction from the allowance for fees. The writ was

issued on that date. On April 4, 1936, the district court entered its order quashing the writ of *certiorari* on the ground that the order of the probate court was appealable.

◼ The writ of *certiorari* under our practice is a writ of review in the nature of a writ of error or an appeal. 1 Dunnell, Minn. Dig. (2 ed.) § 1391; Grinager v. Town of Norway, 33 Minn. 127, 128, 22 N. W. 174, 175, in which Mr. Justice Mitchell said the writ "is employed strictly as in the nature of a writ of error," and "the office of the writ is simply to review and correct decisions and determinations already made." P. H. & F. M. Roots Co. v. Decker, 111 Minn. 458, 127 N. W. 417; State ex rel. Tolversen v. District Court, 134 Minn. 435, 159 N. W. 965. In some of the cases the writ is spoken of as being in the nature of an appeal. State ex rel. Sholund v. City of Duluth, 125 Minn. 425, 147 N. W. 820. Ordinarily, only parties to the record are entitled to a review of a decision or judgment. Strangers and third parties have no interest in the litigation and are not entitled to a review of a decision or judgment, whether such review be sought by appeal, writ of error, writ of *certiorari*, or otherwise. Hunt v. O'Leary, 78 Minn. 281, 80 N. W. 1120. An attorney at law is not a party to his client's litigation by reason of his appearance therein on behalf of the client. The attorney appears solely as the representative of the client and not in his own behalf. He has no interest in the cause of action even though his fees are to be paid out of the funds to be recovered by the litigation. Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A.(N.S.) 379, 114 A. S. R. 691. In some respects this rule has been modified by statute, as, for example, in the cases giving attorneys liens upon the cause of action of the client, but the instant case does not come within any statutory modification of the rule for the reason that the attorney here is not attempting to enforce any lien right as an attorney, but on the contrary is asserting rights belonging to a party to the litigation. In the enforcement of his lien an attorney asserts his own, not his client's, rights. An attorney does not have a right of review of a judgment or decision affecting his client, because the attorney is not the party aggrieved. 4 C. J. S. p. 362, § 184; 2 Am.

Jur. p. 951, § 163. Appellant, having no interest in the litigation as a party, is not aggrieved so as to be entitled to a review.

The proceedings in the probate court were between the administratrix on the one hand and the objectors on the other. Appellant admits that he was not a party to these proceedings. The petition of the administratrix was that an allowance be made to her, not to appellant, of a sum for attorney's fees. The sum allowed was to her, and not to appellant. These proceedings were pursuant to the terms of the statute which authorizes such allowance to the administratrix as such, and not to the attorney. 3 Mason Minn. St. 1936 Supp. § 8992-118. Under similar statutes it has been held that, inasmuch as the attorney is not a party and the allowance is made to the representative and not to the attorney, the representative only and not the attorney has a right of review. Briggs v. Breen, 123 Cal. 657, 56 P. 633, 886; In re Estate of Hite, 155 Cal. 448, 101 P. 448; In re Connolly's Estate, 73 Mont. 35, 41, 235 P. 408.

■ We do not pass upon the question whether the probate court has jurisdiction in any case to determine the amount of attorney's fees as between the representative and the attorney, nor the effect of the order made in this case allowing the final account, upon the rights and remedies which the appellant may have against the representative to recover any attorney's fees which he may claim in excess of the amount allowed to the representative for his services. These questions are not before us because the appellant is not entitled to have the order in question reviewed in these proceedings.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.