JOHN B. SANBORN *vs.* ANDERSON D. EADS and others.

February 13, 1888.

**Action to Remove Cloud from Title—Parties.**—In an action to remove a cloud, persons claiming other lands, upon the title of which the same cloud rests, need not be made parties.

**Same—Pleading—Laches.**—A complaint in such an action is not demurrable, although it shows that 15 years have elapsed since the imposition of the cloud, no other facts appearing to charge the plaintiff with laches.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, overruling a demurrer to the complaint.

*Edward Savage,* for appellants.

*John B. & W. H. Sanborn* and *Francis G. Burke,* for respondent.

DICKINSON, J. Demurrer to the complaint. The action is of the same nature as that of *Bausman* v. *Kelley, ante,* p. 197, just decided in this court, and the complaints in both actions are substantially the same. Most of the questions arising in this case were determined in the other action, and will not be here referred to.

We cannot sustain the point urged in support of the demurrer, that there is a defect of parties because of the non-joinder in this action, relating to one lot of land, of all the persons who have interests in the remainder of the 120 acres included in the mortgage foreclosure.

The real question here presented is as to whether the complaint is demurrable for the reason that it appears that the action was not commenced until more than 15 years had elapsed after the cause of action accrued. That demurrer will lie to a complaint in the nature of a bill in equity, where it appears on its face that, upon the case stated, equity will not grant relief, must be admitted. Story, Eq. Pl. § 503; *Maxwell* v. *Kennedy,* 8 How. 210; *Hovenden* v. *Lord Annesley,* 2 Sch. & Lef. 607, 638. The difficulty in determining in such a case as this whether a complaint is to be deemed as showing a want of equity arises from the complex character of the quality "laches."

The mere lapse of time does not constitute laches, unless the circumstances were such as to make the delay blamable.   Whether the delay has been culpable or not may obviously depend upon many facts and considerations, such as the length of time, (which cannot be fixed by any definite rule, this being a subject of discretion under the circumstances of each case,) the knowledge of the facts, actual or imputable, the consequences as respects others than the plaintiff, and perhaps other things.   The fact shown in this case, that more than 15 years had elapsed since the foreclosure proceedings complained of, is at once *suggestive* of an inference of laches, but the facts do not appear from which it can be *legally* inferred that this delay was culpable.   A "cause of action" is shown in an unauthorized foreclosure clouding the plaintiff's legal title.   Whether this has been barred, so to speak, by unjustifiable delay, cannot be declared as a legal proposition from the facts set forth in the complaint.

We are of the opinion that the demurrer was properly overruled, and the order is affirmed.