# THEOPHIL BASTING and Others v. CITY OF MINNEAPOLIS and Others.[1]

October 28, 1910.

Nos. 16,723—(78).

**Injunction against enactment of ordinance.**

An action to restrain and enjoin the enactment of a municipal ordinance cannot be maintained, except where, by the mere enactment, irreparable damage to persons affected will immediately follow, cause a multiplicity of suits, or violate existing contract rights.

**Same — complaint bad.**

Complaint in an action to restrain the passage of an ordinance by the city of Minneapolis *held* not to state a cause of action within the rule.

**Effect of general demurrer to complaint.**

A general demurrer to a complaint, however well the allegations thereof may be stated, raises the question whether the facts pleaded entitle the plaintiff to the relief demanded.

Action in the district court for Hennepin county by the owners of certain real estate against defendant city, its mayor and city clerk, to restrain the enactment of an ordinance prohibiting the establishment of the enterprises enumerated in the opinion within a certain district. The action was begun after the passage of the ordinance by the city council and before it had been signed and approved by the mayor or published. An order to show cause why a temporary injunction should not be granted and defendants' demurrer to the complaint were heard on the return day. The demurrer was overruled and a temporary injunction granted. From an order, Hale, J., overruling the demurrer and granting the injunction, defendants appealed. Reversed.

[1]Reported in 127 N. W. 1131.

[Note] Power to enjoin passage of municipal ordinance, see note in 2 L.R.A. (N.S.) 152.

*Frank Healy,* City Attorney, *Henry S. Mead* and *Harry S. Swenson,* for appellants.

*A. T. Ankeny* and *Norton M. Cross,* for respondents.

BROWN, J.

The charter of the city of Minneapolis authorizes the city council, among other things, "to regulate and designate where the following kinds of business or amusements may be hereafter located or carried on, to wit: Foundries, tanneries, dyehouses, boiler shops, rendering houses, storehouses for oil and powder, glue factories, soaphouses, storehouses for hides, stables, roller rinks and baseball grounds." On April 27, 1907, the city council duly enacted an ordinance prohibiting the establishment of any industry or amusement of the kind or character mentioned in the foregoing quotation from the charter at any place within the city without first obtaining its consent. On February 18, 1910, the council duly passed another ordinance upon the same subject, by which the establishment of certain of such enterprises was prohibited absolutely within the territory described therein.

Immediately after the passage of the ordinance by the council, plaintiffs, owners of a large part of the land specified in the ordinance as prohibited territory, brought this action against the city, its mayor, and clerk to restrain and enjoin them from "executing or attempting to put into operation said pretended ordinance, and from signing or approving, publishing or causing to be published the same." At the time the action was commenced an order was obtained directing defendants to show cause, at a date named, why a temporary injunction should not issue restraining further proceedings by the mayor and clerk until the final determination of the action. Defendants joined in a general demurrer to the complaint and appeared on the return day of the order to show cause and opposed the granting of a temporary injunction. The court below made an order overruling the demurrer and granting a temporary injunction, from which defendants appealed.

It is the contention of plaintiffs, and such is the foundation of their asserted right to maintain the action, that the ordinance, un-

conditionally prohibiting the establishment of any of the industries mentioned within the specified territory, is ultra vires, arbitrary, discriminatory, and unreasonable, and therefore unconstitutional and void, and its enactment may be restrained in equity.

We are confronted at the outset with the question whether such an action may be maintained; in other words, whether the courts may by means of their restraining power interfere with and control the exercise of legislative and executive functions of the municipalities of the state. The charter of the city provides that no ordinance enacted by the city council shall take effect until approved by the mayor, or passed over his veto, and not until it has been published by the city clerk in the manner prescribed. The ordinance in question had been passed by the council, but not yet approved by the mayor or published, when the action was commenced, and its purpose was to restrain either an approval by the mayor or the publication by the clerk. The approval and publication were essential elements in the passage of the ordinance and a consummation or completion of the legislative power of enactment. The question, therefore, whether the exercise of this power may be controlled by the courts, is squarely presented; and, as we answer the question in the negative, it becomes unnecessary to consider the objections urged against the ordinance.

There is a decided conflict in the adjudicated cases, both in the state and federal courts, upon the question when and under what circumstances courts of equity have jurisdiction to restrain by injunction at the suit of a private person either the enactment or enforcement of statutes or ordinances of municipal corporations. 22 Cyc. 890, 891; 2 Joyce, Injunctions, 1277, 1289; City of Rushville v. Rushville, 132 Ind. 575, 28 N. E. 853, 15 L.R.A. 321; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. ed. 714, 13 L.R.A.(N.S.) 932, 14 Am. & Eng. An. Cas. 791. While the decisions are uniform to the effect that courts will, subsequent to their enactment, in proper cases, declare statutes and ordinances unconstitutional, some of the courts join in declaring that it is unimportant whether the legislation be attacked before or after its passage. There is logic and force to this position, yet the general rule, sup-

ported by the great weight of authority, limits the jurisdiction of the court in restraining the passage of ordinances to cases where by the mere passage irreparable injury or damage will immediately follow, cause a multiplicity of suits, or violate previously existing contractual rights. 22 Cyc. 890. In cases not coming within the exceptions, the question of the validity of the ordinance must be presented in some proceeding subsequent to its enactment and when attempt is made to enforce it.

But, whatever may be the law in other states, the general rule stated has been adopted and followed in this state, and controls the case at bar. Cobb v. French, 111 Minn. 429, 127 N. W. 415; Nelson v. City of Minneapolis, supra, page 16, 127 N. W. 445.

Cobb v. French was an action to restrain and enjoin the enforcement of a general statute of the state, and it was held that it could not be maintained; the facts presented not coming within the exception to the rule. The reason for the rule is clearly stated in the opinion in that case, and need not be repeated. The Nelson case was brought to enjoin the enforcement of an ordinance authorizing the seizure and destruction of milk brought into the city for sale which did not conform to the conditions prescribed by the ordinance, and the facts brought it clearly within the exceptions to the rule. There can be no difference on principle between an action to enjoin the enforcement of a statute or an ordinance, and one to restrain its enactment, unless it be a greater reluctance on the part of the court to entertain the latter action, and we follow and apply, without further discussion, the doctrine of the Cobb case, for it cannot be distinguished.

Nor does the case at bar come within the exceptions to the rule. The mere passage of the ordinance in question will not result in immediate irreparable damage or injury to plaintiffs, involve a multiplicity of suits, nor disturb or violate previously existing contractual relations. The ordinance merely prevents or prohibits the establishment of particular enterprises in a particular locality. If, as contended, the ordinance is a nullity, as violating plaintiffs' constitutional rights, they may, in the orderly course of procedure subsequent to its passage, raise the question and be relieved from its

restraint. No established business is interfered with, no property taken and destroyed, as in the Nelson case; the complaint proceeding solely on the theory that the ordinance prevents plaintiffs from devoting their property to the particular purpose. This does not bring the case within the exception to the rule.

The case of Minneapolis St. Ry. Co. v. City of Minneapolis (C. C.) 155 Fed. 989, cited and relied upon by plaintiff, is not in point. The ordinance, the enactment of which was sought to be restrained in that case, if enacted, violated an existing contract with the city, and the case came within the rule as followed by the federal courts. The case of Cooke v. Iverson, 108 Minn. 388, 122 N. W. 251, was an action to restrain the state auditor from distributing money of the state under an unconstitutional statute, and was commenced after its passage. It is therefore not here in point.

Counsel for plaintiffs contend that defendants' general demurrer, that the complaint does not state facts sufficient to constitute a cause of action, does not raise the question decided; that the objection that the action cannot be maintained goes to the jurisdiction of the court, and, as that ground is not assigned by the demurrer, the question cannot be considered. Counsel are in error. The objection that the complaint does not state facts sufficient to constitute a cause of action goes, not only to the sufficiency of the allegations of the pleading, but also to their sufficiency, taken as a whole, to justify a recovery. The facts in this complaint are well and carefully set forth, and the question whether, conceding their truth, plaintiffs are entitled to the relief demanded, or any relief, is presented by the general demurrer. Sanborn v. Eads, 38 Minn. 211, 36 N. W. 338. The question is not strictly one of jurisdiction, but whether the facts pleaded, in any view of the law, present a right to recover.

Order reversed.