H. E. MUNDWILER and Others v. AMOS BENTSON and Others.[1]

December 24, 1914.

Nos. 18,939—(166).

**County ditch — jurisdiction of district court.**

1. In a county ditch proceeding the question of the propriety of diverting the waters of a meandered lake may be determined upon appeal to the district court; but upon such appeal the district court is without jurisdiction to determine the propriety, in any other respect, of the order of the county board establishing the ditch.

**Diversion of water of meandered lake.**

2. Upon the reversal of the order of the county board, because it provided for the draining of a meandered lake not properly subject to drainage, it may proceed with the drainage project except insofar as it affects the meandered lake.

H. E. Mundwiler and others petitioned the county board of Big Stone county for the construction of a certain ditch designated as County Ditch No. 9, and the report of the engineer and viewers thereon was approved by the board. From the order establishing the ditch, Amos Bentson and others appealed to the district court for that county. The appeal was heard by Flaherty, J., who made findings and reversed the order of the county board. Petitioners' motion to amend the findings was denied. From the judgment against the petitioners, entered pursuant to the findings, they appealed. Affirmed.

[1] Reported in 150 N. W. 209.

· *F. W. Murphy,* for appellants.
*Cliff & Purcell,* for respondents.

DIBELL, C.

This is an appeal by the petitioners in a county ditch proceeding from a judgment of the district court of Big Stone county reversing the order of the county commissioners establishing a ditch.

1. The ditch proceeding contemplated the drainage of a meandered lake. Under G. S. 1913, § 5523, the county board is not authorized in drainage proceedings to drain meandered lakes except, in substance, such as are usually shallow, grassy and marshy, or no longer capable of beneficial public use. Certain persons appealed from the order establishing the ditch. The court found that the meandered lake was not such a lake as the county board was authorized to drain. This finding is not attacked.

There may be an appeal to the district court from an order of the county board providing for the drainage of a meandered lake. G. S. 1913, § 5589. The only other orders of the county board in ditch proceedings from which there may be an appeal to the district court are those which determine the amount of benefits, or which determine the amount of damages, or which refuse to establish a ditch. G. S. 1913, § 5534. Upon an appeal, such as that before us, all matters other than those pertaining to the drainage of the meandered lake are without the jurisdiction of the district court. The statute gives the district court jurisdiction of no subject-matter, except the determination of whether the meandered lake is subject to drainage.

2. The reversal of the order of the county board was a determination by the district court that the meandered lake was not subject to drainage in a county ditch proceeding. Upon the reversal the county board was free to continue the drainage proceedings in the way permitted by G. S. 1913, § 5531, or by any other relevant statutory provision, but it was bound by the determination of the court that the waters of the meandered lake could not be diverted.

The trouble in this proceeding has come through faulty procedure. There should have been no attempt by those appealing from the order of the county board to inject into the case any issue other than that

which was triable by the district court, namely, whether under the statute the meandered lake was such a one as could be drained in the ditch proceeding.    The findings should have gone no further. The legislature purposely refrained from giving an appeal to the district court, when the county board established a ditch, except on damages and benefits, and the propriety of draining a meandered lake.    The county board can now proceed with the drainage project.

Judgment affirmed.