## TIMOTHY A. SULLIVAN AND OTHERS v. CITY OF EAST GRAND FORKS AND OTHERS.[1]

December 17, 1915.

Nos. 19,520—(84).

**Injunction — publication of city ordinance.**

1. A temporary injunction enjoining the publication and enforcement of a duly passed municipal ordinance is improperly granted where the ordinance relates to a purely legislative matter concerning which the city council has been expressly granted power to enact laws for the city, and where it does not appear that irreparable damage to plaintiffs will follow the mere enactment of the ordinance.

**Same.**

2. Such injunction is also improper where the ordinance is concededly valid as to several of its provisions, and the valid provisions are not so dependent upon or connected with the provision attacked that they would necessarily fall with it.

Action in the district court for Polk county to enjoin defendant city, its aldermen and mayor, and the owners and publishers of The Weekly Record from publishing a certain ordinance defining the fire limits of the city of East Grand Forks and regulating the erection of buildings. Plaintiffs' motion for a temporary injunction restraining defendants was heard before Watts, J., and was granted. From the order granting the motion, defendants appealed. Reversed.

*F. C. Massee* and *W. J. Rasmussen,* for appellants.

*Charles Loring* and *G. A. Youngquist,* for respondents.

HOLT, J.

In this action, brought to perpetually enjoin defendants from publishing an ordinance and enforcing the same, the court, upon plaintiffs' application, entered an order restraining the defendant city and its officers, being the other defendants, from publishing the ordinance and

[1] Reported in 155 N. W. 397.

enforcing it, pending a final determination of the action.  Defendants appeal.

The ordinance involved has been duly passed by the city council of the city of East Grand Forks, and nothing remains to render it effective as a law of the city except the publication thereof in the official newspaper.  The ordinance is entitled "An Ordinance Defining the Fire Limits of the City of East Grand Forks, and Regulating the Erection, Enlargement and Renewal of Buildings, and the Penalty and Destruction when a Nuisance, and Repealing Ordinances in Conflict Therewith." The first section defines the fire limits.  Section 2 prohibits the erection of any building within the fire limits unless constructed of stone, brick or concrete with walls of certain dimensions.  Section 3 specifies that no wooden building shall be erected, enlarged, nor shall any such building be moved within or into the fire limits, and provides if any wooden building now within the fire limits is damaged to the extent of 50 per cent of its value, it shall not be rebuilt or repaired.  Section 4 relates to the manner of determining the extent to which an existing wooden building may become damaged.  Section 5 fixes the penalties for violations of both sections 2 and 3.  Section 6 declares any wooden building erected, enlarged, repaired or moved contrary to the provisions of the ordinance a nuisance, and provides for an abatement thereof.  Section 7 repeals conflicting ordinances, and section 8 states that the ordinance shall take effect from and after its passage, approval and publication.  We take it to be true that the fire limits fixed by section 1 coincide with the fire limits under an existing ordinance, except there is added a small area, on both sides of De Mers avenue, lying between Water street and the river.  Plaintiffs owned land within the added portion.

The chief, and perhaps only, reason for granting the temporary injunction, as indicated in the court's memorandum, was that the ordinance may result in a practical confiscation of plaintiffs' property since, because of a tendency of the soil thereon to slide towards the river, it is impossible to build of such heavy material as stone, brick or cement; that if it be practicable to erect fireproof buildings of other material, this ordinance, which excludes all buildings save those of stone, brick or cement with walls of prescribed dimensions, should be held void.

The law, under which defendant city operates, grants the city council

express power to regulate the construction of all buildings, prescribes the thickness of walls and party walls, etc. Also to establish limits within which wooden buildings shall not be erected, placed or repaired without permission. (Laws 1895, p. 62, c. 8, subd. 6, § 135, subds. 51, 52, § 135.) It is thus seen that the city council has the undoubted power to enact an ordinance reasonably regulating the construction of buildings. Also to prescribe reasonable fire limits and prohibit wooden buildings therein.

In exceptional instances only, may courts enjoin the legislative body of a municipality from completing the enactment of an ordinance, or restrain a general enforcement thereof. Seldom, if ever, is such judicial interference justifiable where the ordinance relates wholly to purely legislative matters concerning which the city council has been expressly invested with power to legislate. Its exercise has nearly always been confined to ordinances which relate to matters of contract, or franchise, or property rights of the municipality, that is, to ordinances pertaining to administrative as distinguished from the legislative functions of the city council. State v. Gates, 190 Mo. 540, 89 S. W. 881, and authorities cited in the briefs and notes to the case as reported in 2 L.R.A. (N.S.) 152. We fail to see danger of irreparable injury to plaintiffs, if the ordinance is permitted to become effective. The question of the reasonableness and validity thereof with respect to plaintiffs' property may be raised and determined in proper proceedings subsequent to its enactment when enforcement is attempted. We think the case of Basting v. City of Minneapolis, 112 Minn. 306, 127 N. W. 1131, 140 Am. St. 490, is applicable and controls here. Therein it was stated that "the general rule, supported by the great weight of authority, limits the jurisdiction of the court in restraining the passage of ordinances to cases where, by the mere passage irreparable injury or damage will immediately follow, cause a multiplicity of suits, or violate previously existing contractual rights."

But there appears another valid reason why the courts should not enjoin the publication and enforcement of this ordinance. No section has been attacked, nor do we think any open to attack, save section 2. Insofar as the ordinance includes plaintiffs' property within the fire limits, and insofar as it prohibits the erection thereon of wooden build-

ings, we do not understand there is claimed to be any infirmity, and we perceive none. The concededly valid sections are not dependent upon the section assailed so that they all must fall if it goes down. If plaintiffs attempt to erect fireproof buildings, of the material which they claim is practicable to build on their unstable lots (but which material is not of the sort prescribed by section 2), a case will arise wherein the courts could properly determine whether said section is unreasonable to any extent. It certainly should not be held that the courts are warranted in restraining the enactment and enforcement of an ordinance containing many valid and proper provisions because there is found among them one which, because of the peculiar condition of the property affected, may be held unreasonable to a certain extent when applied to that particular property.

Our conclusions render it unnecessary now to consider or discuss whether or not it is a practical possibility to erect buildings upon plaintiffs' lands which can conform to the ordinance.

Order reversed.