## STATE EX REL. ALVA R. HUNT v. CITY OF MONTEVIDEO.[1]

January 26, 1917.

Nos. 20,092—(208).

**Assessment for local improvement — right of appeal.**

    1. In proceedings for laying out an alley over and across private property, under the authority conferred by a municipal charter, it is *held*: That the provisions of the charter providing for an appeal "from an assessment of damages and benefits," do not afford an aggrieved party the right upon such appeal to be heard to question the regularity of the proceedings, the jurisdiction of the municipal council, or the validity of the provisions of he charter authorizing the proceeding.

**Eminent domain —resolution of city council reviewable on certiorari.**

    2. The resolution of the municipal council laying out the alley and directing the taking of private property therefor, is the final order of expropriation and reviewable on *certiorari*, since the validity thereof cannot be challenged on the appeal.

Upon the relation of Alva R. Hunt the district court for Chippewa county granted its writ of *certiorari* to review proceedings by the council of the city of Montevideo in condemning land for an alley. The matter was heard by Qvale, J., who granted respondent's motion to quash the writ on the ground that it was prematurely issued and relator had a right of appeal. From the judgment entered pursuant to the order of dismissal, relator appealed. Reversed.

*Alva R. Hunt* and *Charles D. Bensel,* for appellant.

*Fosnes & Fosnes and J. O. Haugland,* for respondent.

Brown, C. J.

Relator sued out a writ of *certiorari* from the district court of Chippewa county to review a resolution of the city council of the city of Montevideo laying out and attempting to establish an alley over and across his property. The writ was quashed and the proceeding dismissed

[1]Reported in 161 N. W. 154.

on the return day, upon motion of respondent, on the ground that it was prematurely issued, and that there was an adequate remedy by appeal. . Judgment was entered accordingly and relator appealed.

Two questions are presented, namely: (1) Whether an adequate remedy by appeal is provided for and given by the city charter; and (2) whether the resolution laying out the alley was a final order which may be reviewed on *certiorari*.

1. The first question, as we read the provisions of the city charter by which the right of appeal is granted in proceedings of this kind, must be answered in the negative. The provisions of the charter are that "any person interested in any property taken, damaged or assessed in any proceeding under this chapter, or the city, may appeal to the district court   *   *   *   from an award or assessment of damages or benefits in the manner herein provided for   *   *   *   ."

This is the only provision of the charter to which attention has been called having any bearing upon the question, and it seems clear that the appeal there provided for is inadequate, for it is expressly limited to the question of damages and benefits. Neither the regularity of the proceeding, nor questions going to the authority and jurisdiction of the city council to adopt the resolution, can be raised thereon. The provisions granting the appeal are not broad enough to include such questions. Mundwiler v. Bentson, 128 Minn. 69, 150 N. W. 209.

2. We are of opinion and so hold, that the second question must be answered in the affirmative, and to the effect that the resolution laying out and directing the establishment of the alley was the final order authorizing and providing for taking of relator's property, and may be reviewed on *certiorari,* though the damages to be paid for the property taken are subsequently to be ascertained by commissioners whose action in that respect constitutes the last step in completion of the proceeding.

The provisions of the charter conferring upon the city council the right to condemn and take private property for a public use, and under which the proceedings in question were conducted (section 3 of chapter 10), provide in substance and effect that whenever the council shall determine that it is necessary to take any private property for public use, it shall declare the same by resolution, and state therein the nature of the

improvement to be made, and the property proposed to be taken therefor, and the property to be assessed for benefits. A survey and plat of the proposed improvement is required to be prepared and filed in the office of the city clerk, and that official is thereupon required to give notice of a time and place when the council will meet for the purpose of hearing all parties interested in favor of or against the improvement. The charter then provides that if the council decides, after such hearing, to proceed further, it shall by resolution adopt the plat and survey, and order and direct the making of the improvement, and the assessment of property benefited to pay the cost of the same. Commissioners are then appointed for the assessment of damages and benefits, and they proceed in the performance of their duties in the manner and as pointed out by the charter. The city council has no control of their work, or of the manner of performing the same. The assessment is made, approved and confirmed by the commissioners acting independently of the council, from which the appeal heretofore referred to may be taken.

It will be noted that the authority and jurisdiction of the city council, the only body authorized to condemn the property, and to direct the taking thereof, ends abruptly with the passage of the resolution to that effect, and the appointment of commissioners to assess the damages and benefits. Though the council might recall its action, after the adoption of the resolution and before the completion of the assessment by the commissioners, it is clear that the commissioners cannot do so, and the resolution remains unaffected by the subsequent proceedings in the assessment of damages, except as a completion of the improvement thereby ordered. It is true that the resolution, under the provisions of the Constitution prohibiting the taking of private property for public use without compensation first paid or secured, can have no validity as authorizing an actual taking of the property unless supplemented by the assessment and award of damages. But in view of the peculiar provisions of the charter in question the work of the commissioners in that respect must be held and treated as details in the completion of the project, with the resolution as the final act of expropriation. Clay v. Pennoyer Creek Imp. Co. 34 Mich. 204. The resolution is therefore reviewable on *certiorari*. Grinager v. Town of Norway, 33 Minn. 127, 22 N. W. 174; State v. District Court of Jackson County, 134 Minn.

435, 159 N. W. 965, are not in point. Nor is the case analogous to the proceedings under the general highway statutes, for there an appeal covering all questions is expressly provided for. G. S. 1913, § 2548.

Judgment reversed.