## B. H. HELLER AND ANOTHER v. H. C. SCHROEDER AND OTHERS.[1]

January 16, 1931.

No. 28,220.

*Joseph J. Moriarty* and *W. F. Odell,* for appellants.
*Tifft, Youngdahl & Youngdahl,* for respondents.

OLSEN, J.

Defendants, other than Frank Weinitschki and American Range Corporation, appeal from an order granting a temporary injunction.

Plaintiffs seek by the action to enjoin the defendants from further proceeding in the matter of the laying out of a public street in the city of Shakopee. Appellants are the mayor, city council, city recorder, and city engineer, and the commissioners appointed to assess damages and benefits in the matter.

The city of Shakopee is incorporated under special law, and the here relevant charter provisions are found in Sp. L. 1875, p. 58, c. 6;

[1]Reported in 234 N. W. 461.

354

Sp. L. 1877, p. 192, c. 123; and Sp. L. 1881, p. 522, c. 90. When land is to be condemned for a public street the city council initiates the proceeding by appointing three commissioners to view the premises and assess damages and benefits. Notice of the time and place of the meeting of the commissioners is given to the landowners. The commissioners make report to the city council, and notice is then given of a meeting of the council to act on the report. At that meeting landowners are to appear and file any objections they may have, and the city council has power to "confirm, revise, or amend the assessment, or to discontinue or postpone indefinitely the whole or any part of the proceedings, giving due consideration to the claims and objections interposed by the parties interested." [L. 1877, p. 192, c. 123, § 9.]

The city council on February 24, 1930, adopted a resolution, describing the land to be taken and stating the purpose thereof, and appointing three commissioners to view the premises and assess damages and benefits. The commissioners qualified. This action was then brought and the temporary injunction issued. Nothing more has been done.

The resolution and appointment of the commissioners did nothing more than initiate the proceeding. There will be no taking of any property and no injury until and unless the council acts on the report of the commissioners and determines to lay out the street. The constitution, art. 1, § 13, would not permit any taking until compensation was at least ascertained and provided. If the council decides not to lay out the street or if ample damages are awarded to plaintiffs, no real or substantial injury will result. Defendants have made no threats to injure plaintiffs' property or to trespass thereon. All they have done is to initiate a proceeding under the city charter, which may or may not result in the condemnation for a public street of a strip of ground owned by plaintiffs. Whether any wrong will be done to plaintiffs can be determined only upon a hearing before the city council at some future time. It is not claimed that the proceeding is not in conformity with the city charter. We think the action to enjoin was prema-

ture. Injunction should not be granted until the council acts to lay out the street. Reed v. Village of Hibbing, 150 Minn. 130, 134, 184 N. W. 842.

■ Plaintiffs have an adequate remedy at law. Webb v. Lucas, 125 Minn. 403, 147 N. W. 273; State ex rel. Hunt v. City of Montevideo, 135 Minn. 436, 161 N. W. 154; Id. 142 Minn. 157, 171 N. W. 314. In those cases, as here, no appeal was provided except on the question of benefits and damages. But certiorari was held an adequate remedy to review all other questions.

Plaintiffs allege in their complaint, among other grounds for injunction, that some members of the city council, not named, were stockholders in a corporation owning property adjoining the proposed street and interested in laying it out. They claim such members were disqualified from acting in the matter. That question, together with all other objections, can be raised at the hearing and reviewed on certiorari at the proper time.

We recognize the large discretion vested in the trial court in the matter of granting or refusing temporary injunctions, but find no sufficient basis shown for the exercise of such discretion.

Order reversed.