## MANUEL R. BINDER AND ANOTHER v. VILLAGE OF GOLDEN VALLEY AND OTHERS.

110 N. W. (2d) 306.

July 14, 1961—No. 38,107.

*Dorfman & Rudquist,* for appellants.

*Vincent E. Johnson,* for respondent Oys.

*Stanley D. Kane,* Village Attorney, and *Helgesen, Kane, Peterson & Engberg,* for respondent village.

THOMAS GALLAGHER, JUSTICE.

Action to enjoin the village of Golden Valley and members of its council from approving a proposed plat designated "Adeline Addition"

submitted by intervening defendant, Adeline Oys; and from approving dedication of a street as laid out therein designated "Adeline Lane." At the commencement of the proceedings July 21, 1959, a temporary restraining order was granted on plaintiffs' motion. On March 22, 1960, the court denied plaintiffs' motion for a temporary injunction and set aside the temporary restraining order of July 21, 1959. On plaintiffs' appeal from that order, this court ordered a temporary injunction pending the outcome of the appeal.

The facts are as follows: Plaintiffs are the owners of Lot 1, Block 5, Thotland's Twin View Terrace, a platted subdivision of the village of Golden Valley. It is zoned for residential purposes only and plaintiffs have completed construction of a single family dwelling thereon at a total cost of $48,482.32. They have occupied this structure as their homestead since its completion in July 1957.

The easterly side of this house faces Sweeney Lake. Its northerly or front side faces Angelo Drive. On this side the house is set back approximately 28 feet from Angelo Drive at its closest point thereto and approximately 41 feet at its farthest point therefrom. The easterly side of the structure is set back about 15 feet from the east lot line. Angelo Drive is 60 feet in width, as are all streets in Thotland's Twin View Terrace.

The zoning ordinance of the village requires that residential structures on any lots therein are to be set back 15 feet from the side lines of such lot and 35 feet from the front line thereof. In plaintiffs' case the village authorized the modification of this ordinance as to the required minimum setback from the front lot line so that adjacent homeowners would have a better view of Sweeney Lake. The subdivision requirements ordinance provides that 60 feet shall be the minimum width for neighborhood residential streets and 50 feet for minor residential streets.

The proposed plat of "Adeline Addition" covers a tract of land adjacent to the east line of plaintiffs' lot. Four lots are indicated thereon, all of which slope eastward down to Sweeney Lake. "Adeline Lane" as shown thereon is a street 40 feet in width adjacent to the east line of plaintiffs' lot. Approval of the plat with the street as thus indicated would leave plaintiffs' lot at the corner of Angelo Drive

and "Adeline Lane." The zoning ordinance requires that structures on corner lots be set back 35 feet from each of the intersecting streets so that if the plat is approved as submitted plaintiffs' house would not comply with such ordinance.[1] The village planning commission recommended that the four lots located in the proposed subdivision might have structures thereon set back only 25 feet from the east line of "Adeline Lane" rather than the 35 feet required by the zoning ordinance.

Ordinances of the defendant village require that proposed plats of subdivisions to the village be first submitted to the planning commission for preliminary approval; thereafter, to the council for preliminary approval or modification; thereafter, again to the planning commission for its final action; and thereafter again to the council for its final approval.

On June 11, 1959, the proposed plat of "Adeline Addition" was first submitted to the village planning commission for preliminary approval. At that time plaintiff Manuel R. Binder appeared before the commission and voiced his objections to the plat on the ground that it did not comply with the ordinances above described. On July 6 the commission nevertheless recommended preliminary approval of the plat if modified in certain respects not material here. On July 7, 1959, as thus approved, it was submitted to and approved by the village council. On July 16, 1959, the planning commission recommended its final approval and acceptance by the village council. Before the latter could act in the matter, plaintiffs instituted the present proceedings.

In denying plaintiffs' motion for a temporary injunction, the trial court in its findings set forth the following:

"Plaintiffs in reliance on the provisions of the Zoning Code of Golden Valley purchased a lot in the village and built a home at a cost of approximately $50,000.00. They assumed that others building homes or developing land in neighboring residential areas would be required to comply with the Zoning Code. The plat of Adeline Addition, as

---

[1]The village planning commission has recommended that a variance of setback waiver be tendered plaintiffs.

submitted to the defendant Village for approval by the defendant Adeline Oys, violates the Zoning Code in several respects and makes the location of plaintiffs' home nonconforming."

In a memorandum attached to its findings, the trial court stated:

"* * * It is the rule in this state that unless by the *passage* of the proposed ordinance plaintiff will suffer irreparable injury, or unless a multiplicity of suits is sought to be avoided, or unless the passage of the ordinance will disturb previously existing contractual obligations, a court of equity will not interfere to enjoin the passage of an ordinance.

"The above rule was announced in Basting v. City of Minneapolis, 112 Minn. 306, 127 N. W. 1131 (1910). * * * The Supreme Court * * * [stated] that the general rule, subject to exceptions, was that equity would not enjoin the passage of an ordinance. The Court set forth the exceptions to the general rule as follows:

" '* * * There mere passage of the ordinance in question will not result in immediate irreparable damage or injury to the plaintiffs, involve a multiplicity of suits, nor disturb or violate previously existing contractual relations.'

"These three cases [Sullivan v. City of East Grand Forks, 131 Minn. 424, 155 N. W. 397; Heller v. Schroeder, 182 Minn. 353, 234 N. W. 461; Basting v. City of Minneapolis, *supra*] adequately illustrate the rule. It is clear that only under unusual circumstances will a court of equity enjoin the passage of an ordinance. The case at bar is not one of those unusual cases. There is no evidence here that immediate irreparable harm will follow the mere passage of the ordinance. Plaintiff's action is premature, and if the defendant Village does approve the plat, and if the plat is improper, plaintiff will have adequate means of enforcing his legal rights at that time."

■ We are of the opinion that the trial court's determination was correct. It is well established that judicial authority may not be invoked to restrain legislative action threatening individual rights where there is an adequate remedy at law. Basting v. City of Minneapolis, 112 Minn. 306, 127 N. W. 1131; Sullivan v. City of East Grand Forks, 131 Minn. 424, 155 N. W. 397; Heller v. Schroeder, 182 Minn. 353, 234

N. W. 461. In Basting v. City of Minneapolis, *supra,* it was stated (112 Minn. 308, 127 N. W. 1132):

"\* \* \* the general rule, supported by the great weight of authority, limits the jurisdiction of the court in restraining the passage of ordinances to cases where by the mere passage irreparable injury or damage will immediately follow, cause a multiplicity of suits, or violate previously existing contractual rights. \* \* \* In cases not coming within the exceptions, the question of the validity of the ordinance must be presented in some proceeding subsequent to its enactment and when attempt is made to enforce it."

In Sullivan v. City of East Grand Forks, 131 Minn. 424, 426, 155 N. W. 397, 398, this court stated:

"\* \* \* Seldom, if ever, is such judicial interference [by injunction] justifiable where the ordinance relates wholly to purely legislative matters concerning which the city council has been expressly invested with power to legislate. \* \* \* We fail to see danger of irreparable injury to plaintiffs, if the ordinance is permitted to become effective. The question of the reasonableness and validity thereof with respect to plaintiffs' property may be raised and determined in proper proceedings subsequent to its enactment when enforcement is attempted."

In Heller v. Schroeder, 182 Minn. 353, 354, 234 N. W. 461, 462, this court stated:

"\* \* \* There will be no taking of any property and no injury until and unless the council *acts* on the report of the commissioners \* \* \*. The constitution, art. 1, § 13, would not permit any taking until compensation was at least ascertained and provided. If the council decides not to lay out the street or if ample damages are awarded to plaintiffs, no real or substantial injury will result. \* \* \* Whether any wrong will be done to plaintiffs can be determined only upon a hearing before the city council at some future time. \* \* \* We think the action to enjoin was premature. Injunction should not be granted until the council acts to lay out the street. Reed v. Village of Hibbing, 150 Minn. 130, 134, 184 N. W. 842." (Italics supplied.)

■ The foregoing authorities make clear that, before injunctive re-

lief of the kind here sought may be granted, it is essential there be a threat of irreparable damage to the property owner and an absence of other adequate remedies for him. That plaintiffs by certiorari may test the validity of the ultimate action taken by the council with respect to the proposed plat is well established. Heller v. Schroeder, *supra*; Webb v. Lucas, 125 Minn. 403, 147 N. W. 273; State ex rel. McGinnis v. Police Civil Service Comm. 253 Minn. 62, 91 N. W. (2d) 154; State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314; 37 Minn. L. Rev. 21; 33 Minn. L. Rev. 593. Further, in the event such action will result in the taking of any interest in plaintiffs' property, or in any unlawful interference with their possession or enjoyment thereof without compensation, plaintiffs appear to have an adequate remedy at law. Collins v. Village of Richfield, 238 Minn. 87, 55 N. W. (2d) 628; In re Widening East Franklin Avenue, 240 Minn. 32, 60 N. W. (2d) 23. But if it should be determined that they do not have an adequate legal remedy, then proceedings in the nature of mandamus will lie to compel condemnation proceedings and the award of compensation or the imposition of reasonable conditions.[2] State, by Lord, v. Pahl, 254 Minn. 349, 95 N. W. (2d) 85; State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70; Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394; see, also, Connor v. Township of Chanhassen, 249 Minn. 205, 81 N. W. (2d) 789 (as to continuance of nonconforming use). Authorities cited by plaintiffs are distinguishable in that they relate to suits between private individuals,[3] or to injunctive proceedings after the official or public body has taken some definite action which infringes upon private property rights to the owners' immediate damage.[4]

Affirmed.

---

[2] Minn. St. 117.08 in part provides: "* * * In proper cases they [the commissioners] may reserve to the owner a right of way or other privilege in or over the land taken, or attach reasonable conditions to such taking in addition to the damages given, or they may make an alternative award, conditioned upon the granting or withholding of the right specified."

[3] McCavic v. DeLuca, 233 Minn. 372, 46 N. W. (2d) 873.

[4] Newcombe v. Teske, 225 Minn. 223, 30 N. W. (2d) 354; Lowry v.

City of Mankato, 231 Minn. 108, 42 N. W. (2d) 553; Burger v. City of St. Paul, 241 Minn. 285, 64 N. W. (2d) 73.