LAWRENCE BOROM AND OTHERS v.
CITY OF ST. PAUL.

184 N. W. (2d) 595.

February 26, 1971—No. 42495.

*Timothy J. Halloran,* for appellants.

*Daniel A. Klas,* Corporation Counsel, and *Thomas J. Stearns,* Assistant Corporation Counsel, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a summary judgment granted by the District Court of Ramsey County.

Plaintiffs purport to bring this action as a taxpayers' class action, alleging that "the defendant, City of Saint Paul, knows or should know that the hiring and recruitment practices of contractors engaged in performance of construction contracts with the City of Saint Paul are, and have in the past, been such that persons of minority race, creed, and color are discriminated against in such recruitment and hiring practices."

Plaintiffs seek injunctive relief—

"a. restraining the defendant City of Saint Paul from entering into or executing any contract or contracts, from approving or awarding any monies for any contract or contracts, or from paying out any monies for any contract or contracts for or on behalf of the City of Saint Paul with any contractors who discriminate on the basis of race, creed or color in hiring or recruitment of common or skilled labor.

"b. compelling the defendant City of Saint Paul to initiate a program of affirmative action to insure that its contractors do not discriminate in employment recruitment and hiring and that such contractors actively seek to hire persons of minority race, creed or color."

Plaintiffs allege no specific instances of discrimination. In support of its motion for summary judgment, defendant submitted an affidavit of its local improvement engineer, who has been employed by the city for over 20 years, alleging that local improvement contracts under which the city has local improvements performed by private contractors are, and have been, in a form which includes the following requirements in accordance with law:

"The Contractor agrees, in accordance with Chapter 238, Laws of the State of Minnesota for 1941, that in the hiring of common or skilled labor for the performance of any work under this contract or any sub-contract hereunder, no contractor, material supplier, or vendor shall, by reason of race, creed or color, discriminate against any person who is a citizen of the United

States who is qualified and available to perform the work to which such employment relates.

"The Contractor further agrees that no contractor, material supplier, or vendor under this contract shall in any manner discriminate against, or intimidate, or prevent the employment of any person, or on being hired, prevent, or conspire to prevent, any person from the performance of work under this contract on account of race, creed or color.

"The Contractor further agrees that this contract may be cancelled or terminated by the City, and all money due or to become due hereunder shall be forfeited for a second or any subsequent violation of the terms or conditions of this contract."

The affidavit sets forth that substantially the same provisions are contained in the city's contracts for materials and supplies required in connection with local improvement contracts.

Plaintiffs have not in any way challenged the allegations of this affidavit. Based on the affidavit, defendant's answer, and the absence of any showing on the part of plaintiffs that the affidavit was not true, the court granted summary judgment.

■ Plaintiffs challenge the propriety of the summary judgment.

Under our present Rules of Civil Procedure, where a motion is made under Rule 56 for summary judgment, or a motion is made under Rule 12 for a dismissal on the grounds that the complaint does not state facts upon which relief can be granted, but is thereafter treated as a motion under Rule 56 by inclusion of matters outside the pleadings, if the nonmoving party does not produce facts that will establish a genuine issue of material fact, the motion should be granted. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 572. Where affidavits are submitted in support of a motion for summary judgment under Rule 56, the nonmoving party cannot simply rely upon general statements in a complaint. A party cannot create a fact issue by claiming that the facts which may be developed on cross-exami-

nation at the time of trial will permit him to reach the trier of facts. Instead, the nonmoving party must show at the time of the motion that specific facts do exist which create a genuine issue for trial. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 573; Rosvall v. Provost, 279 Minn. 119, 155 N. W. (2d) 900; Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65. Under the rules as now established, we think that the trial court, in light of appellants' failure to produce specific facts, correctly granted summary judgment.

■ For the sake of argument, it may be admitted that a taxpayer may maintain an action to restrain unlawful disbursement of public funds. Oehler v. City of St. Paul, 174 Minn. 410, 219 N. W. 760. In the present case, however, there is nothing in plaintiffs' complaint alleging specifically that the city has expended public funds for an unlawful purpose or is about to do so. There is no allegation of any specific violation of the provisions of either the city ordinance establishing a comprehensive Department of Human Rights, or the state law, Minn. St. 181.59, which requires every contract for or on behalf of the state or its subdivisions to contain provisions such as are contained in the contracts of the city quoted above.

Since oral argument, plaintiffs have called our attention to the case of Trustees of Tufts College v. Volpe Const. Co. (Mass.) 264 N. E. (2d) 676. That case involved a bill for declaratory relief brought by an educational institution against one to whom it had let a constract for construction of a residence hall. The contract included an equal opportunity clause in which defendant agreed to comply with provisions of an executive order of the secretary of labor which prohibited discrimination on account of race, creed, or color. The plaintiff charged the defendant with a violation of the equal opportunity clause in the contract. In its opinion holding that the action could be maintained, the court said (264 N. E. [2d] 682):

"* * * In the instant case the University does not seek to en-

force the terms of the Executive Order but seeks to enforce the provisions of its contract with the defendant. The fact that a specific provision in the contract is covered by a regulation of a Federal agency regarding the enforcement of that regulation does not deprive the University of the right to enforce the contractual obligations."

It is readily apparent that the case before us is not at all similar to the Tufts case. This action is not brought by the city to enforce its contract with one of its contractors. It is brought by individuals who purport to act for all members of a class, without specifying any violation of any contract by any contractor. That an injunction cannot be issued in such a situation should be apparent.

■ We have held on numerous occasions that the equity powers of the court may not be invoked to grant injunctive relief where there is adequate remedy at law. Williams v. Rolfe, 257 Minn. 237, 101 N. W. (2d) 923; AMF Pinspotters, Inc. v. Harkins Bowling, Inc. 260 Minn. 499, 110 N. W. (2d) 348; Adelman v. Onischuk, 271 Minn. 216, 135 N. W. (2d) 670. Injunctive relief where there are other legal remedies available is particularly inappropriate when we are asked to enjoin the exercise of legislative power by a municipality. See Binder v. Village of Golden Valley, 260 Minn. 418, 110 N. W. (2d) 306, where many of the cases on the subject are collected.

■ In this case there are a number of legal remedies available to anyone who can establish discrimination by a contractor in hiring or in supplying material in the performance of a city contract. Minn. St. c. 363 creates a comprehensive Department of Human Rights to provide relief both by way of cease-and-desist orders and by other sanctions. In addition, Minn. St. 181.59 requires that the state and its subdivisions include in their contracts provisions prohibiting discrimination by the contractor in hiring. The statute provides that a violation of its requirements shall be a misdemeanor, and that for a second or any subsequent violation a contract may be canceled and all money due

or to become due may be forfeited. As stated earlier, the city of St. Paul has supplemented that statutory requirement by adopting a comprehensive nondiscrimination ordinance, and pursuant to these laws the city does include nondiscrimination provisions in its contracts for construction, materials, and supplies. Plaintiffs do not deny that the city has complied with this statutory provision. What they ask the courts to do is to grant relief in a vacuum, for they have failed to allege any specific violation of these provisions of the statute and ordinance. Under established principles of law this cannot be done. If plaintiffs or any others are in a position to show that in fact contractors with the city do discriminate against them, they have available ample legal remedies to redress their wrongs. In the absence of such a showing, or even an allegation, other than speculative conclusions, that such practices exist, the granting of the requested injunction would transcend all established principles of injunctive relief.

Even if we assume that plaintiffs have standing to maintain this suit as a class action—which is debatable—they have presented no justiciable issue. Certainly plaintiffs do not represent those taxpayers who have not been discriminated against, and they have not alleged any specific discrimination against anyone. There is simply a shotgun approach to an imagined situation, and such an approach cannot furnish the grounds for injunctive relief.

The second goal of plaintiffs' action—that the city set up a plan to avoid discrimination—has already been accomplished by the adoption of the city ordinance and the requirement that nondiscrimination clauses be contained in its contracts for labor or the furnishing of materials and supplies. If, in the light of the ordinance and the provisions of the city's contracts, it can be shown that there are actual violations, action can be taken against the contractor, and such action would undoubtedly be instituted by the city itself if it had information that its contracts were being violated.

Under these circumstances, we are convinced that plaintiffs have established no issue of material fact for trial and the district court correctly granted summary judgment.

Affirmed.