## GEORGE E. HANSON v. COMMISSIONER OF TAXATION.

187 N. W. (2d) 113.

April 30, 1971—No. 42705.

*Perbix, Harvey & Simons,* for relator.

*Warren Spannaus,* Attorney General, and *C. Hamilton Luther* and *John R. Kenefick,* Deputy Attorneys General, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Kelly, and Odden, JJ.

OTIS, JUSTICE.

This matter is before the court upon a writ of certiorari to review a decision of the Tax Court affirming an order of the commissioner of taxation assessing against relator additional state income taxes for the years 1959 and 1960. The assessments were based on constructive dividends which taxpayer and his wife received arising out of payment of their personal expenses by a family-owned corporation.

Relator asserts (1) that the assessments are barred by the statute of limitations; (2) that the state's reliance on a Federal investigation, without making an independent inquiry into the facts, denied relator due process of law; (3) that evidence of a tax settlement with the Federal government was inadmissible; and (4) that the constructive dividends should have been allocated between relator and his wife. We have considered all of these claims and find merit only in relator's complaint that the commissioner and the Tax Court failed to consider the question of allocation.

The parties have stipulated to the facts. Taxpayer was the president and general manager of a milk-processing plant in which he owned approximately 60 percent of the stock, his wife 24 percent, and each of two daughters 8 percent. The Federal government assessed deficiency income taxes against relator and his wife for the years 1959 and 1960 in the sum of $13,996.94 and $21,400.20, respectively. On June 6, 1966, a compromise was reached by which the Internal Revenue Service assessed against relator and his wife additional income taxes for the years 1959 and 1960 in the sums of $13,282.69 and $9,116.06. In reliance on the final determination of the Internal Revenue Service, and without reviewing the company books and records or any supporting data, the commissioner of taxation of Minnesota made adjustments in relator's 1959 and 1960 income taxes, adding as income $27,576 for 1959 and $25,633.30 for 1960. This additional income represented, among other things, rent paid to relator by the company in excess of its reasonable value, Christmas gifts paid to employees by the company, and travel expenses incurred by relator and his wife.

■ Relator filed his 1959 Minnesota income tax return on August 25, 1960, and his 1960 return on June 13, 1961. By virtue of Minn. St. 290.49, subd. 1, normally the time within which to assess an additional tax would have expired on February 25, 1964, as to the 1959 tax, and December 13, 1964, as to the 1960 tax. However, on April 26, 1963, the legislature by L. 1963, c.

355, adopted an amendment to Minn. St. 1961, § 290.56, which provided in part:

"* * * Any taxpayer who consents to an extension of time for the assessment of taxes with the internal revenue service shall within 90 days notify the commissioner of taxation of the execution of such consent.

"(C) Failure to report such changed or corrected federal net income or to file a copy of such amended federal return or notify the commissioner of the execution of such consent as set forth above and within the time stated shall suspend the running of the period of limitation until such report or copy has been furnished to the commissioner of taxation, or until six months following the expiration of the federal period of limitation where no change is made or amended return is filed."

On October 28, 1963, the commissioner amended Minnesota Income Tax Regulation 2056 to require that the notice referred to in the statute be in writing. It is undisputed that on November 5, 1963, relator consented to extend the time for assessment of his 1959 and 1960 Federal income taxes to December 31, 1964. That date was subsequently extended to December 31, 1966. As we have indicated, a settlement was thereafter reached with the Internal Revenue Service on June 6, 1966.

Although relator concedes that he gave no written notice to the commissioner of these extensions or of the settlement imposing additional taxes, he asserts that the commissioner had actual notice and is estopped from invoking the statute. While it is true that on October 3, 1966, and again on December 30, 1966, the commissioner wrote relator asking for further information concerning the adjustments of his Federal returns, whatever actual knowledge the commissioner had did not satisfy the notice requirement of the statute so as to revive the running of the statute of limitations. The letters and telephone conversations which followed called attention to the necessity for additional data and warned of the requirement that the commissioner receive written notice of the adjustments. While relator relies on Angelus Mill-

ing Co. v. Commr. of Int. Rev. 325 U. S. 293, 65 S. Ct. 1162, 89 L. ed. 1619, for the proposition that the commissioner has waived notice requirements, the court there actually held as follows (325 U. S. 297, 65 S. Ct. 1165, 89 L. ed. 1623):

"* * * The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission. We do not think that the petitioner has made out such a case here."

Relator was not in any way misled by the communications which he had with the commissioner regarding the tax adjustment made with the Federal government. We hold that under the circumstances whatever information the commissioner had was no substitute for the written notice required by the statute and the regulation.

■ Relator argues that the state's failure to make an independent investigation with respect to constructive dividends denied him due process of law. Minn. St. 290.46 directs the commissioner to "make any investigation or examination of the taxpayer's records and accounts that he may deem necessary for determining the correctness of the return." It is argued by relator that the presumption of validity enjoyed by the commissioner under § 290.48, subd. 8, does not satisfy the necessity for an independent investigation. We have difficulty following such reasoning since relator was at liberty to introduce evidence to rebut the state's claims concerning the nature and the amount of the constructive dividends paid relator by his corporation. We are cited no authority to support relator's position and hold that under these circumstances the taxpayer is not denied due process of

law because the state chooses to rely on the investigation made by the Federal government.

■ Nor do we find merit in the contention that under common-law rules the taxpayer's settlement with the Federal government is inadmissible in proceedings to adjust his state income tax. Under Minnesota's tax scheme, the amount of the Federal income tax is an integral part of the determination of the state tax. Any adjustment which increases or decreases the Federal tax affects the amount of the state tax and requires an adjustment up or down. The fact that the amount of the Federal tax was reached by negotiation and compromise does not offend the policy of prohibiting the disclosure of settlements intended to avoid or terminate litigation.

■ Since relator and his wife filed joint Federal income tax returns, no question arose regarding the allocation of constructive dividends between them under their settlement of June 1966. However, they filed separate state returns and therefore the question of allocation was material to the amount of tax assessed against each. Both relator and his wife were officers and stockholders in their family corporation. The company paid the expenses of their extensive travels around the world which relator claimed were for the purpose of promoting company business. All of these expenses were added to relator's income and none to his wife's. The state contends that this was not an issue before the Tax Court. We agree that in the notice of appeal to that court no mention is made of allocation. However, we have examined the briefs in the Tax Court and have concluded that although the issue was not vigorously pursued, it was in fact presented to the court and required an adjudication. No reason is advanced for arbitrarily allocating all the constructive dividends to relator and none to his wife. We do not suggest that such an allocation is necessary or proper, nor do we intimate the manner in which it should be determined. However, we have concluded that this was a matter on which the Tax Court should have ruled and therefore remand for whatever proceedings are necessary and appropriate to resolve that question.

Remanded.