JON BAUMAN AND OTHERS v. INDEPENDENT SCHOOL DISTRICT NO. 624 AND OTHERS.

199 N. W. 2d 772.

July 7, 1972—No. 42985.

*Howard, LeFevere, Lefler, Hamilton & Pearson* and *Joseph E. Hamilton,* for appellants.

*Peterson & Popovich, Peter S. Popovich,* and *Joseph E. Flynn,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

This is an action brought by the White Bear Lake Teachers Association, its president, past president, and other members, to enjoin Independent School District No. 624—

"* * * from interfering with the rights of teachers to form and join

the teachers association and to be represented by and bargain through the organization of their choice [and]

"* * * from paying a lesser salary to teachers who in furtherance of the aims, goals and policies of the teachers association did not sign teaching contracts on or before September 12, 1969."

In their answer, defendants, the district and its school board, sought a declaratory judgment determining that teachers who failed to perform their duties on August 28 and August 29, 1969, were participating in an illegal strike and were not entitled to compensation during that period. The trial court held that the parties had settled their differences by an agreement entered between the association and school board on October 6, 1969, and consequently dismissed their respective claims with prejudice.

We affirm with respect to the court's denial of the sweeping relief sought, but reverse and remand in so far as the trial court's order purports to foreclose plaintiffs from litigating their claims for retroactive pay and defendants from asserting a counterclaim based on what they allege was an illegal strike.

This decision has little precedential value since Minn. St. 1969, §§ 125.19 to 125.26, on which plaintiffs' case is predicated, have been repealed by Ex. Sess. L. 1971, c. 33, § 17. Suffice it to say that, having for many months been unable to agree on a salary schedule, the school board on August 25, 1969, adopted a resolution determining that teachers who failed to return signed contracts within 7 days would be paid according to the 1968-1969 rates and would be denied retroactive pay increases. On August 28 and August 29, workshops were conducted which teachers were directed to attend but, because the workshops were not required under the old contract, many refused to take part. This gave rise to defendants' counterclaim that an illegal strike was thereby conducted.

On September 8, the school board postponed until September 12 the deadline for teachers to return contracts. At the urging of the association, many teachers failed to meet the deadline. These teachers were subsequently denied retroactive pay raises for 12 workdays between August 25 and September 15, 1969.

On October 6, the association and the board agreed on terms of employment for the ensuing school year.[1] Shortly thereafter, on October

---

[1] The parties have stipulated to the facts, including the following:

"* * * [U]ltimately negotiations did resume between the School Board committee and the Teachers' Council representing the Associa-

15, 1969, plaintiffs wrote to the board, stating as follows:

"* * * [T]his letter is written to inform the school board that contracts signed by teachers for the 1969-70 school year will be signed in [sic] protest. This protest is necessitated in view of the Board's failure to pay twelve days of retroactive pay."

We recognize that the parties have stipulated to the evidence which the court might consider and that the trial court understandably relied on the stipulation in rendering its decision. Nevertheless, the dispute is basically a matter of individual teachers claiming back salary for the 12 days in question. Essentially, the defense is that the dispute was settled by agreement and that some of the teachers were improperly paid for August 28 and August 29.

This is not the kind of proceeding which should be resolved by injunction or by a declaratory judgment.[2] However, without a more complete presentation, we hold that the trial court was not justified in dismissing the claims and counterclaims. We cannot say on this record as a matter of law plaintiffs' rights were barred by the agreement of October 6 without a determination by the trial court of whether members of the association suffered discrimination because they acted in concert in refusing to return contracts before the September 12 deadline. That issue, the question of whether the salary agreement was made subject to a future settlement of the retroactive pay dispute, and the issue of whether teachers were entitled to pay for August 28 and 29 are matters which can only be resolved by a further hearing before the trial court. It is incumbent on the parties to expand the record so that all the pertinent facts are fully presented to the court.

Remanded.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

tion and a tentative agreement was reached between the two committees which was approved by the Association members and adopted by Board Resolution on October 6, 1969 * * *."

[2] Borom v. City of St. Paul, 289 Minn. 371, 184 N. W. 2d 595 (1971).