## STATE v. GRANDVIEW PARK CEMETERY.

205 N. W. 2d 329.

March 2, 1973—No. 43728.

*Best, Flanagan, Lewis, Simonet & Bellows* and *N. Walter Graff,* for appellant.

*Warren Spannaus,* Attorney General, and *Paul B. Saltzman* and *David D. McMillan,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant appeals from a summary judgment requiring it to pay income taxes, penalties, and interest for the years 1962 through 1966. Defendant contends that this matter is not a proper case for summary judgment, that it is an exempt corporation and not required to pay taxes, and that it has not waived its right to claim the exemption. We affirm.

Defendant is a corporation which conducts a public burial ground as defined under our statute, Minn. St. 290.05, subd. 1(h). As such, it is entitled to be exempt from taxation provided it establishes to the satisfaction of the commissioner of taxation the taxable status of any income or activity. Pursuant to § 290.52, the commissioner of taxation has promulgated Income Tax Regulation No. 2005 (1), which requires a person claiming exemption to file an affidavit which includes such financial statements and other pertinent information as is necessary to

enable the commissioner to determine the taxable status of the income or activity. Defendant admits it never filed the required affidavits nor income tax returns for the years in question.

The commissioner, upon receiving notice that the Federal Government had assessed Federal income taxes against defendant for the years in question, made and filed income tax returns for defendant for those years and commenced this action to recover the taxes due, plus penalties and interest.

Defendant claims that this matter is not a proper subject for summary judgment. There appears to be no material fact issues in dispute. The record fails to disclose any specific facts which would create a genuine issue for trial and therefore this matter was properly considered on a motion for summary judgment. Borom v. City of St. Paul, 289 Minn. 371, 184 N. W. 2d 595 (1971).

Defendant contends that the mere fact that it conducts a public burial ground, which the state admits, qualifies it for exemption. Defendant admits that it failed to file with the commissioner of taxation the affidavits required in order to qualify itself as an exempt corporation. Having failed to file them, defendant is properly subjected to the claim for taxes being made by the commissioner in this case, Hanson v. Commr. of Taxation, 290 Minn. 204, 187 N. W. 2d 113 (1971), and has waived its right to claim the exemption and must bear the consequence of its inaction. See, Christian Business Men's Committee v. State, 228 Minn. 549, 38 N. W. 2d 803 (1949).

Affirmed.